UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

COURT FILE NO: _____

| | |
|---|---|
| William T. Anderson<br><br>Plaintiffs,<br><br>v.<br><br>American Accounts and Advisers, Inc., and John Doe<br><br>Defendants | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal privacy by these Defendants in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

**PARTIES**

4. Plaintiff William T. Anderson (hereinafter "WTA") is a natural person who resides in the City of Chanhassen, County of Carver, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant American Accounts and Advisers, Inc., (hereinafter "AA") is a debt collection

      agency operating from an address of 7460 80th Street South in Cottage Grove, Minnesota and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). According to the Minnesota Department of Commerce, AA's collection agency license number is 8001194.

6. Defendant John Doe (hereinafter "Defendant JD") is an individual representative of AA and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. On December 11, 2012, the Defendants initiated a phone conversation with Plaintiff regarding the consumer debt allegedly owed by Plaintiff. The debt in question was a debt incurred primarily for personal, family or household purposes, and which had gone into default. The account is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

8. The conversation went essentially as follows:

    WTA:    Hello.
    JD:    Hi, is William available?
    WTA:    Speaking.
    JD:    Hi, William. This is Derek with American Accounts pre-collect department, calling on behalf of the Emergency Physicians with Methodist Hospital. You have a balance of $680. Just calling to see if you will make a payment or set up a pay plan on that today.
    WTA:    Um-kay, well, who are you?
    JD:    This is Derek with American Accounts.
    WTA:    Uh, hold on, where'd my pen go? Hold on just a second. [After a brief wait] Alrighty, what was your name again?
    JD:    Derek with American Accounts.
    WTA:    How do you spell "Derek," please?
    JD:    D – E – R – E – K
    WTA:    What's the name of your company?
    JD:    American Accounts
    WTA:    What's your address?
    JD:    One second…. OK – It is 7460 80th Street South. And, we're out of Cottage Grove, Minnesota. Its 55016.
    WTA:    Alrighty. What's your phone number, please?

    JD:      6 – 5 – 1 – 2 – 8 – 7 – 6 – 1 – 3 – 8
    WTA:   Are you saying I owe money?
    JD:      Bill for Methodist Hospital.  Uh, June 11th visit.
    WTA:   How much do you say I owe?
    JD:      It's for 680 – 26.
    WTA:   What was the date of the visit that you say I went there?
    JD:      June 11, 2012
    WTA:   Why are you calling me?
    JD:      Why am I calling you?  This is an attempt to collect a debt.  You owe Methodist Hospital 680 dollars.
    WTA:   OK, well, you say that I owe them that money.
    JD:      I'm sorry?
    WTA:   You say that I owe them that money.
    JD:      We have your bill in our office.
    WTA:   Have you sent me any verification of the bill – or validation of the bill?
    JD:      Yep.  Are you still at PO Box 1179?
    WTA:   I am.
    JD:      OK.  We can get that out to you.  It will be a couple of days.
    WTA:   What else do you need?
    JD:      That's it.  Guess I'll get the report sent out for ya.
    WTA:   Is that it?
    JD:      Yep.  Have a nice night.
    WTA:   You too.

The call then ended.

9.     At no time did JD provide the true name of the debt collector's business, company, or organization, as required by the FDCPA.  Specifically, 15 U.S.C. § 1692e(14) provides as follows:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: (14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

10.    Under Minnesota state law, all debt collection agencies must be licensed by the Minnesota Department of Commerce.  See Minn. Stat. § 332.32.

11.    Further, the State of Minnesota has determined that the true name of a company is that

which appears on the company's license to collect debts.  Specifically, Minn. Stat. § 332.37 provides: "No collection agency or collector shall: (16) when attempting to collect a debt, fail to provide the debtor with the **FULL** name of the collection agency as it appears on its license." (Emphasis added.)  As stated above, AA's full and true name is "American Accounts and Advisors, Inc."

12. When Plaintiff specifically asked what the name of his company was, JD replied, "American Accounts."  Through out the conversation, JD only referred to AA as "American Accounts."  In fact, JD never stated AA's full name as it appears on its Minnesota license to collect.  AA's full name is certainly not simply "American Accounts."

13. By referring to AA as simply "American Accounts," JD used a name other than the true name of the debt collector's business, company, or organization – a direct violation of both Minn. Stat. § 332.37(16) and 15 U.S.C. § 1692e(14).

14. Likewise, all individual collectors who act under the authority of a collection agency must also register with the state commissioner for the Minnesota Department of Commerce.  Further, if a collector wishes to use an "alias" rather than use their real name, then that alias must also be registered and approved by the state commissioner.  Specifically, Minn.Stat. § 332.33 subdivision 1 provides in relevant part as follows:

> No person shall conduct within this state a collection agency or engage within this state in the business of collecting claims for others as defined in sections 332.31 to 332.45, without having first applied for and obtained a collection agency license. A person acting under the authority of a collection agency, as a collector, must first register with the commissioner under this section.  A registered collector may use one additional assumed name only if the assumed name is registered with and approved by the commissioner.

15. Under Minnesota Statutes, failure to be properly licensed is deemed a crime – a

misdemeanor. Specifically, Minn.Stat. § 332.33 subdivision 2 provides in relevant part as follows:

> A person who carries on business as a collection agency without first having obtained a license or acts as a collector without first having registered with the commissioner pursuant to sections 332.31 to 332.45, or who carries on this business after the revocation, suspension, or expiration of a license or registration is **guilty of a misdemeanor**. (Emphasis added.)

16. Moreover, before an individual collector can collect on behalf of a collection agency, the individual collector must be registered by the collection agency with the Minnesota Department of Commerce. Specifically, Minn.Stat. § 332.33 subdivision 5a provides in relevant part as follows:

> A licensed collection agency, on behalf of an individual collector, must register with the state all individuals in the collection agency's employ who are performing the duties of a collector….

In other words, the collection agency must register all of its individual collectors. The same statute imposes similar requirements on the use of an alias. A collector may have and use only ONE alias.

17. The State of Minnesota's Department of Commerce does not register any aliases that are merely one name, such as "Derek." On December 11, 2012, no such one-named person was registered to collect debts in Minnesota.

18. By only identifying himself as "Derek" rather than the full name under which he was licensed, presuming that JD actually had a license, JD essentially identified himself by using an "alias." Without first registering the alias "Derek," JD committed a crime – a misdemeanor under Minnesota law.

19. The Fair Debt Collection Practices Act proscribes numerous practices that are deemed by Congress to be unfair; however, the list of prohibited unfair practices is neither

exhaustive nor exclusive.  On the contrary, the statute is broadly written.  Specifically, 15 U.S.C. § 1692(f) provides as follows:

> [a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

The statute then lists a wide variety of prohibited conduct, such as, for example, prohibiting a collector from

> "[d]epositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument." 15 U.S.C. § 1692(f)(4).

20. In addition to unfair practices, the Fair Debt Collection Practices Act proscribes numerous practices that are deemed by Congress to be harassment or abuse.  Again, Congress wrote the FDCPA with broad language and provided a list of prohibited practices that is likewise neither exhaustive nor exclusive.  Specifically, 15 U.S.C. § 1692(d) provides as follows:

> [a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

The statute then lists another wide variety of prohibited practices, such as forbidding a debt collector from

> "[t]he use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person." 15 U.S.C. § 1692(d)(1).

21. It is axiomatic to say that committing a crime while trying to collect on a debt is fundamentally an unfair collection practice.  Likewise, committing a crime against another person is certainly an act that is naturally oppressive to that other person, and may also be both harassing and abusive.  Thus, under both 15 U.S.C. § 1692(f) and 15

U.S.C. § 1692(d), committing a crime while trying to collect on a debt violates the Fair Debt Collections Practices Act.

22. Because the State of Minnesota has determined that unlicensed collection of debts from a Minnesota consumer is indeed a crime, then it logically follows that the criminal use of an unregistered alias during the collection of debts from a Minnesota consumer is not only a crime – it also violates the Fair Debt Collections Practices Act, specifically 15 U.S.C. § 1692(f).

23. When Defendants attempted to collect on a debt in Minnesota without first registering his alias "Derek" with the Minnesota Department of Commerce, the Defendants committed a crime that also violates the Fair Debt Collections Practices Act.

24. Furthermore, the FDCPA requires Debt Collectors to provide meaningful disclosure of their identities. An "alias" is by its very nature a false name intended to hide the actual name of the collector. Minnesota law, by virtue of criminalizing the use of unregistered aliases, emphasizing the importance of providing meaningful disclosure of a collector's identities. When JD provided only a single name and refused to provide anything more as to his identity, JD essentially provided an unregistered alias that has the effect of preventing the Plaintiff from receiving any meaningful disclosure of his identity and thereby violated the FDCPA.

25. Moreover, when the Minnesota legislature imposed this "full name as it appears on its license" requirement, the legislature set the standard of what constitutes meaningful disclosure of identity. By failing to provide the full name of AA to the Plaintiff, the Defendants failed to provide meaningful disclosure of the collection agency's identity to the Plaintiff.

26. On December 10, 2013, Plaintiff contacted AA by phone. Plaintiff spoke with one of AA's owners. The owner was able to pull up the account information and acknowledged that AA had indeed used a collector named "Derek" to try to collect on the debt. When the Plaintiff asked the owner for the full name of the collector named "Derek," the owner refused to provide any other name than "Derek" and quickly terminated the phone call without providing meaningful disclosure of the collector's actual identity.

27. The acts and omissions of the individual collector JD, as an agent employed by Defendant AA, who communicated with the Plaintiff as further described herein, was committed within the time and space limits of the agency relationship with JD's principal, Defendant AA.

28. The acts and omissions by this individual employee, JD, was incidental to, or of the same general nature as, the responsibilities this agent was authorized to perform by Defendant AA in collecting consumer debts. In fact, AA has a long history of encouraging its collectors to provide only one name, the use of an alias, registered or not, and collecting without having the proper licenses established for its collectors.

29. By committing these acts and omissions against the Plaintiff, this individual collector JD was motivated to benefit his principal, Defendant AA.

30. Defendant AA is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, error, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Minnesota State Statutes, in their attempts to collect this consumer debt from the Plaintiff.

31. Moreover, the Defendants' actions have caused the Plaintiffs actual damages, including

but not limited to those damages caused by the interfering with the Plaintiff's privacy and causing the Plaintiff stress from illegal collection attempts.

**Summary**

32. The above-detailed conduct by Defendant, of false, deceptive and abusive practices in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above-mentioned provisions of the FDCPA.

33. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants, including actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

**TRIAL BY JURY**

34. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

**CAUSES OF ACTION**

**COUNT I:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT  15 U.S.C. § 1692 et seq.**

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions of each and every Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

37. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount

up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

**COUNT I:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT  15 U.S.C. § 1692 et seq.**

a. for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for the Plaintiff;

b. for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant and for the Plaintiff;

c. for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for the Plaintiff; and

d. for such other and further relief as may be just and proper.

Respectfully submitted,

Dated:  December 10, 2013

/s/  William T. Anderson
_____
William T. Anderson, Esq. (#0388198)
Attorney for Plaintiff (and Plaintiff)
P.O. Box 1179
Chanhassen, MN  55317
952-472-0987  Phone
952-472-0989  Fax
Email:  will.anderson@wtalaw.com