UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 13 CV 3401 PAM/SER

| | |
|---|---|
| William T. Anderson,<br><br>    Plaintiff,<br><br>v.<br><br>American Accounts & Advisers, Inc.,<br>and John Doe,<br><br>    Defendants. | **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR JUDGMENT UNDER FED. R. CIV. P. 12(b)(6)** |

_____

## INTRODUCTION

William Anderson (Plaintiff) filed a Complaint on December 10, 2013, alleging that a single telephone communication from December 11, 2012 (call) from Defendant American Accounts & Advisers, Inc., (AA) violated the Fair Debt Collection Practices Act (FDCPA). Plaintiff's complaint at paragraph 8 recites the specific language from the call alleged to be the violation.

For purposes of this motion, the words used during the call are not in dispute. What is in dispute is Plaintiff's claim that the call violated the FDCPA when the caller identified himself as Derek from American Accounts. Plaintiff's complaint is one count, which Plaintiff has labeled very broadly and all encompassing as "Violations of the Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq."

Plaintiff is claiming that when Derek identified himself as calling from American

Accounts, he violated 15 USC 1692(e)(14) because he failed to state the full name of the company, which is American Accounts and Advisers, Inc. Plaintiff is not claiming that any of the written communications he received from AA violated the FDCPA.

Plaintiff further claims that "Derek" was not licensed by the State of Minnesota as a debt collector on the date of the call. Plaintiff seems to be alleging "Derek" was unlicensed so the call violated 15 U.S.C. 1692(d) because it was oppressive, abusive and harassing and it also violated 15 U.S.C. 1692(f) because the call was unfair.

The call cannot reasonably be interpreted as false, deceptive or misleading under 15 USC 1692(e)(14), nor can it be considered unconscionable, unfair, oppressive, abusive or harassing . AA moves to dismiss Plaintiff's Complaint as a matter of law pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **BACKGROUND**

**I.  Description of the Parties**.

Plaintiff is an individual who incurred a debt. (Compl. ¶ 7). AA is a licensed collection agency that was retained to collect Plaintiff's delinquent account. (Compl. ¶¶ 5, 8).

**II.  Collection of Plaintiff's Debt.**

AA called Plaintiff on December 11, 2012. (Compl. ¶ 7). During the call, the debt collector identified himself as Derek from American Accounts (Compl. ¶ 8). Derek provided Plaintiff with the company address and phone number. (Compl. ¶ 8). Plaintiff

makes no claim that the address and phone number provided were false, deceptive or misleading.  Plaintiff's complaint does not single out anything spoken by Derek that was not true.

Plaintiff nonetheless alleges that the call from AA on December 11, 2012 (call) was a false, deceptive and abusive practice (Compl. ¶ 32) and constitutes numerous and multiple violations of the FDCPA (Compl. ¶ 36).

## ARGUMENT

**I.    RULE 12 STANDARD**

To survive a motion to dismiss for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. V. Twombly , 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 1949-50. "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. See also  Hanten v. Sch. Dist. Of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999) and Helleloid v. I.S.D. No. 361, 149 F. Supp. 2d 863, 867

(D. Minn. 2001) (stating that the court need not accept wholly conclusory allegations or unwarranted inferences).

The court does not consider matters outside the pleadings under Rule 12(b)(6). See Fed.R.Civ.P. 12(d). The court, however, may consider matters of public record and materials that are "necessarily embraced by the pleadings." See <u>Porous Media Corp. v. Pall Corp.</u>, 186 F.3d 1077, 1079 (8th Cir. 1999). In this case, we ask the Court to consider the verification from the Minnesota Department of Commerce that Derek Lander was licensed as a debt collector on December 11, 2012, which is attached to the sworn declaration of Richard J. Malacko , as exhibit. Should Plaintiff continue to dispute whether Derek Lander was licensed when he communicated with Plaintiff on December 11, 2012, Plaintiff is free to contact the Minnesota Department of Commerce as the information is a matter of public record.

## II.     15 U.S.C. 1692(e)(14)

Plaintiff claims that AA violated 1692(e)(14). In support of that claim, Plaintiff alleges that identifying the company as American Accounts, rather than the full formal name American Accounts & Advisers, Inc., is a violation of the FDCPA. 15 U.S.C. 1692e of the FDCPA prohibits a debt collector's use of any *false*, *deceptive or misleading* representation or means in connection with the collection of any debt.

The December 11, 2012 call did not violate § 1692(e)(14) of the FDCPA because the statements therein were not false, deceptive, or misleading. The FDCPA is "designed

to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." <u>Peters v. General Service Bureau, Inc</u>., 277 F.3d 1051, 1054 (8th Cir. 2002). The Act forbids collection practices that are false, deceptive or misleading. <u>See</u> 15 U.S.C. 1692e.

Under 15 U.S.C. 1692(d)(6) it is a violation of the FDCPA to place a telephone call to a debtor without meaningful disclosure of the caller's identity. This Court, in <u>Knoll v. Allied Interstate, Inc.</u>, 502 F.Supp.2d 943,946 (D.Minn. 2007) stated that meaningful disclosure requires a debt collector to "disclose enough information so as to not mislead the recipient as to the purpose of the call." See also <u>Hosseinzadeh v. M.R.S. Assocs., Inc.</u>, 387 F.Supp. 2d 1104, 112 (C.D. Cal. 2005).

Plaintiff's Complaint at paragraph 8 provides the specifics of the call and it appears that Plaintiff, an experienced and skillful attorney, recorded the conversation. The paragraph speaks for itself. The debt collector identified himself as Derek from American Accounts. He spelled Derek after Plaintiff asked. He provided the company address and phone number. He explained it was a call to collect a debt. Plaintiff was provided meaningful disclosure of the caller's identity and was not mislead as to the purpose of the call. Derek was not rude and made no threats. Plaintiff, wearing his attorney's hat, and with his recording device turned on, saw an opportunity to try to make some easy money. Plaintiff waited 364 days before filing suit and then waited another 5.5 months before accomplishing service. To further demonstrate the absurdity of Plaintiff's

5

claim the Court is directed to paragraph 33 of the complaint where Plaintiff, an officer of the court, is claiming to have suffered actual damages in the form of anger, anxiety, emotional distress, fear, frustration, upset, other negative emotions and abusive invasions of privacy.

This Court, again in Knoll v. Allied Interstate, Inc., 502 F.Supp. 2d 943, 948 (D. Minn. 2007) recognized that the intent of 1692e is "to ensure that debtors are made aware that they are being contacted by a particular debt collection agency, …, and not someone or something with a higher authority or more draconian debt collection tactics." Here, the caller identified himself as Derek with American Accounts. He did not provide, and was never asked, his last name. He provided the company name as American Accounts. Of course the formal company name would include the words "American Accounts and Advisers, Inc." but Plaintiff has not alleged that he was mislead or unaware of the caller's identity. American Accounts and Advisers, Inc. holds itself out as American Accounts, not to deceive or mislead, but in the spirit of an abbreviated name.

Reported cases involving FDCPA violations of 15 U.S.C. 1692(e)(14) can be found when creditors hide behind false names when attempting to collect their own debts. See A.W. v. Preferred Platinum Plan, Inc., 923 F.Supp.2d 1168 (D. Minn. 2013), citing Lester E. Cox Med. Center v. Huntsman, 408 F.3d 989, 992(8th Cir. 2005) (debt collector violates FDCPA when it uses "any business, company, or other organization name other than the true name of the debt collector's business, company or organization" ), this

exception aims "to protect consumers…from deceitful creditors that use different names to do business and to collect their own debt." (citing <u>Dickenson v. Townside T.V. Appliance, Inc.,</u> 770 F. Supp. 1122, 1130 (S.D.W.Va. 1990).

To be liable as a "debt collector," creditor must "use…a name other than its own" when collecting debt. <u>A.W. v Preferred Platinum Plan</u>, id., citing <u>Gutierrez v. AT & T Broadband, LLC</u>, 382 F.3d 725, 740 (7th Cir. 2004).

Plaintiff William T. Anderson stretches the principle too far here when he alleges that AA violated the FDCPA when its collector identified the company as American Accounts.

The purpose of the FDCPA is "to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors." See <u>Johnson v. NCB Collection Services</u>, 799 F. Supp. 1298, 1303 (D. Conn. 1992) citing S.Rep. No. 382, 95th Cong. 1st Sess. 1,2, reprinted in 1977 U.S.C.C.A.N. 1695, 1696. A court must thus decide whether an allegedly "deceptive" practice violates a broader general provision of the FDCPA by balancing the extent to which the practice may deceive or harm a consumer against the burden its prohibition would place on an honest debt collector. <u>Johnson v. NCB Collection Services, Inc., id</u> at 1303; <u>Pressley v. Capital Credit & Collection Serv., Inc.</u>, 760 F.2d 922, 924-5 (9th Cir. 1985).

For guidance in making this determination, the court should look to the balance

Congress struck in the specific prohibitions in the statute itself. Significantly, the FDCPA by its terms does not explicitly prohibit the use of aliases in communications with debtors. In the particular instance of telephone calls placed directly to a debtor, the FDCPA requires only that a debt collector make a "meaningful disclosure of the caller's identity." Johnson v. NCB Collection Services, id at 1303; 15 U.S.C. 1692d(6).

In Mahan v. Retrieval-Masters Credit Bureau, Inc., 777 F.Supp.2d 1293, 1298 (S.D. Alabama 2011), the Court was faced with a "true name" issue and stated:

> "The term 'true name' is not defined in the FDCPA. However, courts have opined that this provision is intended to prohibit use of names that are false, deceptive or misleading. See, e.g., Weinstein v. Fink, 2001 WL 185194, *5 (N.D. Ill. Feb. 26, 2001) ("The aim of § 1692e(14) is to prevent debt collectors from using a name other than their own in an attempt to mislead or deceive a consumer."); Anthes v. Transworld Systems, Inc., 765 F.Supp. 162, 172 (D.Del. 1991) ("Section 1692e(14), like the other provisions of § 1692e, only prohibits conduct that is false, deceptive or misleading. It follows from the above, that a debt collector can use other names only to the extent that their use is not false, deceptive or misleading.").

There was nothing misleading or deceptive about Defendant identifying itself as American Accounts. Plaintiff alleges no facts to claim that AA's use of an abbreviated name was intended to mislead or deceive Plaintiff. Rather, by providing the company

address and phone number Defendant was giving clear notice of who was attempting to collect the debt.

Based on well-established case law regarding the interpretation of debt collection communications cited above as applied to the facts in this case, AA is entitled to a judgment on the pleadings on Plaintiff's claim that AA's call violated 15 U.S.C. 1692(e)(14) because the caller stated he was calling from American Accounts. Even Plaintiff in the drafting of his Complaint referred to the company as AA beginning in paragraph 5 and continuing throughout.

## MATERIALITY

Under § 1692e(10), a debt collector may not use "any false representation or deceptive means to collect or attempt to collect any debt." To be actionable under this provision, however, a representation must be both false and material. Neill v. Bullseye Collection Agency, Inc., No. 08-5800, 2009 WL 1386155, at *2 (D.Minn. May 14, 2009); see also Warren v. Sessoms & Rogers, P.A., 676 F.3d 365, 374 (4th Cir. 2012) (noting that "courts have generally held that [FDCPA] violations grounded in 'false representations' must rest on material representations"). Representations are material if they "frustrate a consumer's ability to intelligently choose his or her response." Donohue v. Quick Collect, Inc., 592 F.3d 1027, 1034 (9th Cir. 2010) .

Even if referring to the company as "American Accounts" can somehow be considered a false representation as alleged by Plaintiff, Plaintiff has not pleaded or

otherwise articulated how the statement undermined his ability to intelligently choose his action regarding the debt.  As a result, the statement was not material, and judgment on the pleadings is warranted as to the § 1692e claim.

### III. 15 U.S.C. 1692(d)

Plaintiff claims that AA violated 15 U.S.C. 1692(d).  In support of that claim, Plaintiff alleges that the caller was not licensed. Plaintiff claims that during the call the caller identified himself as Derek.  Plaintiff asked how to spell Derek but did not ask him his last name.  Plaintiff's complaint at ¶¶ 17 and 18 summarizes Plaintiff's theory, which appears to be that because Plaintiff was unable to verify with the Minnesota Department of Commerce that "Derek" (no last name) was licensed as a debt collector, the caller was not licensed and therefore a crime had taken place.

15 U.S.C. 1692(d) of the FDCPA prohibits conduct that is harassing,  oppressive or abusive.  Plaintiff contends that a caller without a license to collect debt would by necessity fit the definition of being harassing, oppressive and abusive.  Nowhere does Plaintiff claim that the substance of the call violates 1692(d).  Rather, the claim that the caller was not licensed is the sole basis for claiming an FDCPA violation of 1692(d).

Plaintiff's claim fails both factually and as a matter of law.  Factually, the caller who placed the call was Derek Lander and he was licensed on the date of his call with Plaintiff.  See Verification of Richard J. Malacko, exhibit.  This information is a matter of public record and Plaintiff is free to contact the Department of Commerce.

As a matter of law, 1692(d)(6) requires a meaningful disclosure of the caller's identity. Meaningful disclosure requires a debt collector to "disclose enough information so as not to mislead the recipient as to the purpose of the call." Knoll v. Allied Interstate, Inc., id at 946. Here, the caller disclosed his identity, the company he was calling from the company address and phone number and the purpose of the call. Clearly, nothing was done to mislead Attorney William T. Anderson as to the purpose of the call.

### IV.    § 1692f

Plaintiff's Complaint alleges in ¶¶ 21, 22 that Derek's status as an unlicensed collector violates § 1692f.  § 1692f provides that a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  This section, however, only applies to conduct not elsewhere covered by the FDCPA.  See Baker v. Allstate Fin.Servs., Inc., 554 F. Supp 2d 945, 953 (D. Minn. 2008) ("Cognizant that it could not anticipate every sharp practice by debt collectors, Congress enacted Section 1692f to catch conduct not otherwise covered by the FDCPA." (citations omitted)).

Plaintiff's § 1692f claim is premised on the very same conduct underlying his FDCPA claim of violating 1692d, and this alone warrants judgment on the pleadings as to the § 1692f claim.  Even if the same allegations could support a claim under § 1692f, Plaintiff's § 1692 claim fails on the merits.  Section 1692f lists several examples of proscribed unfair and unconscionable practices.  See 15 U.S.C. § 1692f (1)-(8) (providing nonexhaustive list of conduct including collecting more than expressly authorized,

accepting or soliciting postdated checks, threatening criminal prosecution, causing consumer to incur collect call or telegram charges, threatening unauthorized nonjudicial action and communicating by postcard).  The allegations in the present matter are far less severe than the enumerated examples.  To put it simply, P laintiff alleges that the caller identified himself as Derek from American Accounts. As a result this Court should find that as a matter of law that these allegations do not rise to the level of "unfair" or "unconscionable."  Therefore, for this additional reason, judgment on the pleadings is warranted as to the § 1692f claim.

## CONCLUSION

For the reasons set forth above, defendant American Accounts & Advisers, Inc., respectfully requests that the Court grant its motion for judgment on the pleadings pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to order that a judgment of dismissal with prejudice in its favor be entered accordingly.

MALACKO LAW OFFICE

Dated: June 24, 2014

*s/ Richard J. Malacko*
Richard J. Malacko 184421
Attorney for Defendants
7449 80th Street South
P.O. Box 135
Cottage Grove, MN 55016
651 340-0488 (telephone)
651 340-0542 (facsimile)
rick@malackolaw.com